UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID T. BURBO,

    Plaintiff,

v.                                               Case No. 09-13663
                                               Honorable Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 28, 2010.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                         U.S. DISTRICT COURT JUDGE

Plaintiff applied for Social Security Disability Insurance Benefits on September 6, 2006, alleging that he became disabled on November 16, 2004. The Social Security Administration denied Plaintiff's request for benefits initially. Upon Plaintiff's request, a hearing before an administrative law judge ("ALJ") was held on May 13, 2008. The ALJ found that Plaintiff was not disabled in a decision dated July 22, 2008. The Appeals Council thereafter denied Plaintiff's request for review. Thus the ALJ's decision became the final decision of the Social Security Commissioner ("Commissioner"). Plaintiff thereafter initiated the pending action.

Both parties have filed motions for summary judgment, which this Court referred to Magistrate Judge Donald A. Scheer. On May 20, 2010, Magistrate Judge Scheer filed his Report and Recommendation (R&R), concluding that "the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the [magistrate judge] to find otherwise." (R&R at 9.) Magistrate Judge Scheer therefore recommends that this Court deny Plaintiff's motion and grant the Commissioner's motion.

At the conclusion of the R&R, Magistrate Judge Scheer advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (R&R at 9-10.) Magistrate Judge Scheer specifically warns the parties that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.* at 9.) Plaintiff filed objections to the R&R on June 1, 2010. The matter now is ripe for this Court's review.

## **Standard of Review**

Under 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46

F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The court reviews *de novo* the parts of an R&R to which a party objects. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id*.

## Analysis

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further. *Id*. However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id*. "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the

3

[defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step sequential process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).[1]

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).[2]

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[3] *Id.*

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[4] 20 C.F.R. § 404.1520(a)(4)(iv).

---

[1]The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since November 16, 2004. (A.R. at 15.)

[2]The ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine and lumbar spine; disc herniation of the servical spine; chronic right knee pain secondary to severe post-traumatic osteoarthritis; status post multiple surgeries; obesity; deafness in the right ear; and depression. (A.R. at 15.)

[3]The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not. *(*A.R. at 17-18.)

[4]The ALJ found that Plaintiff would have the residual functional capacity to:

(continued...)

5. At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[5] *Id.*

Magistrate Judge Scheer found substantial evidence in the record to support the ALJ's determination at each step. As indicated previously, Plaintiff filed objections to the R&R.

Plaintiff first objects to the magistrate judge's alleged failure to incorporate the arguments in Plaintiff's motion for summary judgment into the R&R. According to Plaintiff, Magistrate Judge Scheer did not proffer any of the objective evidence that favored a finding that Plaintiff is disabled. Plaintiff argues that this suggests the

---

[4](...continued)
> lift 10 pounds frequently and 20 pounds occasionally. He can sit for 6 hours in an eight-hour workday. He can stand and walk for 2 hours each in [an] eight-hour workday. The claimant's ability to push and pull is restricted only to the lifting limitations. He must have a sit/stand option within employer tolerances. The claimant can occasionally climb, balance, stoop, crouch, kneel, crawl, and bend. He cannot climb ladders, ropes, or scaffolds. He must avoid concentrated exposure to unprotected heights and moving machinery. The claimant has a slight limitation on activities of daily living; no limitation on social interaction; moderate limitation on concentration, persistence, and pace; and has experienced no episodes of decompensation. The claimant has a moderately limited ability to understand, remember and carry out detailed instructions and to maintain attention and concentration for extended periods.

(A.R. at 19.) The ALJ further concluded that, based on these limitations, Plaintiff could not perform his past work as an assembler, construction laborer, heavy equipment operator, and landscaper. (A.R. at 24.)

[5]The ALJ determined that considering Plaintiff's age, educational background, work experience, and residual functional capacity, there are a significant number of jobs in the national economy that Plaintiff can perform. (A.R. at 24-25.) The ALJ therefore concluded that Plaintiff is not under a "disability" as defined in the Social Security Act. (*Id.* at 25.)

5

magistrate judge failed to consider all of the evidence in the record when he evaluated the ALJ's decision.

The fact that Magistrate Judge Scheer did not discuss in his R&R the evidence favoring Plaintiff's disability claim does not necessarily mean that he failed to consider this evidence. This Court's obligation is to determine whether substantial evidence supported the ALJ's decision. *See supra*. Magistrate Judge Scheer may have found it necessary, therefore, to set forth only the substantial evidence supporting the ALJ's conclusion. For the reasons discussed by the ALJ and Magistrate Judge Scheer, the Court agrees with Magistrate Judge Scheer that there was substantial evidence to support the ALJ's finding even if there was *some* or even substantial evidence in the record supporting Plaintiff's claim. *Id*.

Plaintiff objects to the magistrate judge's reliance on a statement that Plaintiff made to his counselor that therapy was helping his depression. Plaintiff argues that the fact he was feeling better one day did not mean that he always was better and he cites to documentation in the record reflecting his depression. There was substantial evidence in the record, however, indicating that Plaintiff's therapy and medication were helping his depression. Moreover, contrary to Plaintiff's assertion, neither Magistrate Judge Scheer nor the ALJ found that Plaintiff's depression was cured. The ALJ specifically included depression as one of Plaintiff's impairments in analyzing his claim.

Plaintiff raises several objections that relate to the ALJ's and Magistrate Judge Scheer's determination that Plaintiff's impairments did not meet a listed impairment. The

Court finds no merit to these objections and agrees, for the reasons set forth by the ALJ in his decision, that substantial evidence supported a finding that Plaintiff does not have an impairment or combination of impairments that meets a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Plaintiff appears to argue that the ALJ erroneously relied on the opinions of two state agency consultants with respect to his ability to perform a restricted range of sedentary work because the opinions were from December 2006. Relying on Social Security Rule ("SSR") 96-6P, Plaintiff believes that it was necessary for the opinions to be updated. SSR 96-6P requires an update under the following circumstances:

> . . . when either (1) there is evidence of symptoms, signs and findings that suggest to the ALJ or Appeals Council that the applicant's condition may be equivalent to the listings; or (2) when additional medical evidence is received that "in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding" that the impairment does not equal the listings."

*Kelly v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 830 (6th Cir. 2009) (citing SSR 96-6P, 1996 WL 374180).

The ALJ did not rely on the State agency psychological consultant's opinion that Plaintiff does not have a determinable mental impairment, noting that "recent evidence indicates the claimant is being treated for depression." (A.R. at 24.) Thus it is not relevant that the "majority of [t]reatment for [Plaintiff's] depression" may not have been until February 2007." (Pl.'s Obj. at 9.) The ALJ did rely on the State agency medical consultant's assessment as to Plaintiff's residual functional capacity. (*Id.*) Plaintiff,

7

however, has not pointed to evidence relevant to this assessment that required an update.

Plaintiff objects to Magistrate Judge Scheer's finding that Plaintiff can drive in support of the magistrate judge's conclusion that Plaintiff retains the ability to maintain attention and concentration for extended periods. (R&R at 7.) Magistrate Judge Scheer also relied, however, on the fact that Plaintiff helps care for his children, socially interacts with family members, and responded appropriately to all questions posed to him at the administrative hearing. (*Id*.) In any event, the ALJ recognized that Plaintiff does not drive frequently and concluded, for other reasons, that he has moderate difficulties with concentration, persistence or pace. (A.R. at 18-19.) Specifically, the ALJ found that Plaintiff "has a moderately limited ability to understand, remember and carry out detailed instructions and to maintain attention and concentration for extended periods." (*Id*. at 19.)

The Court also does not find that the ALJ erred in disregarding part of the opinion of Plaintiff's treating physician with respect to Plaintiff's residual functional capacity. Specifically, the ALJ concluded that Plaintiff can occasionally stoop, crouch, kneel, crawl and bend; whereas Plaintiff's treating physician, Dr. Diana Wilsher, opined that Plaintiff never can engage in these activities. (A.R. at 19, 23.) However, a treating physician's opinion is entitled to deference only if those findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). The ALJ gave deference to other aspects of Dr. Wilsher's opinion with respect to Plaintiff's limitations, but found that the objective evidence of record did not reflect that Plaintiff's physical impairments

8

were so severe as to justify an absolute restriction on the above activities.

Plaintiff contends that the ALJ's finding that he requires a sit/stand option is inconsistent with the conclusion that he can perform unskilled work. Citing SSR 83-12, Plaintiff states that "unskilled jobs do not offer a sit/stand option." (Obj. at 16.) This, however, is not what the ruling says. Rather, SSR 83-12 advises that a vocational specialist "should be consulted to clarify the implications for the occupational base [of the need for a stand/sit option]." SSR 83-12, 1983-1991 Soc. Sec. Rep. Serv. 36, 1983 WL 31253, at *4; *see also Hunter v. Comm'r of Soc. Security*, 24 F. App'x 424, 426 (6th Cir. 2001) (upholding denial of benefits to plaintiff where vocational expert identified substantial *unskilled* sedentary jobs in the community with a sit/stand option). In Plaintiff's case, a vocational expert testified that there are a significant number of unskilled, sedentary jobs in the community with a stand/sit option. (A.R. at 43-44.)

## Conclusion

In conclusion, the Court finds no merit to Plaintiff's objections to Magistrate Judge Scheer's R&R. The Court concurs with Magistrate Judge Scheer's determination that the Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence.

Accordingly,

**IT IS ORDERED**, that the Court adopts Magistrate Judge Scheer's Report and Recommendation to **AFFIRM** the decision of the Commissioner;

**IT IS FURTHER ORDERED**, that Plaintiff's motion for summary judgment is

9

**DENIED** and the Commissioner's motion for summary judgment is **GRANTED**.

                                              <u>s/PATRICK J. DUGGAN</u>
                                              UNITED STATES DISTRICT JUDGE

Copies to:
David T. Burbo
4955 Lathrop
Trenton, MI   48183

AUSA Judith Levy
Magistrate Judge Donald Scheer